**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARNELL ROSS,

                Plaintiff,

                v.

JUDGE KANDACE C. GERDES,

                Defendant.

Civil Action No. 22-122 (MAS) (TJB)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on the Court's review of Plaintiff Darnell Ross's civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed Plaintiff's application, this Court finds that Plaintiff has shown that he is entitled to proceed *in forma pauperis*, and his application shall be granted. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed for lack of jurisdiction.

I.     **BACKGROUND**

Plaintiff, a homeless individual who currently resides in Portland, Oregon, seeks to use his complaint in this matter to raise a claim against Defendant Gerdes, a Colorado state court judge who oversaw his conviction for assault charges in Denver. (ECF No. 1 at 4-15.) Plaintiff's complaint, however, contains no information connecting his claims, all of which relate to the

judge's actions during his criminal proceedings, and either this Court or the state of New Jersey. (*See* ECF No. 1 at 1-15.)

## II.   **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with"
the defendant's liability "stops short of the line between possibility and plausibility" and will not
survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se*
pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still
"allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*,
704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In his complaint, Plaintiff seeks to raise federal civil rights claims against his sentencing
judge from his Colorado state court criminal proceedings. This Court, however, cannot take
personal jurisdiction over an out of state defendant, such as Judge Gerdes, unless that Defendant
has sufficient "minimum contacts" with this Court's forum state, New Jersey, to support a finding
that subjecting the defendant to the Court's jurisdiction would comport with traditional notions of
fair play and substantial justice. *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir.
2003). Nothing in the complaint suggests *any* contact by Judge Gerdes with the state of New
Jersey, and this Court therefore finds that there are no grounds to find personal jurisdiction over
Defendant, and this matter must be dismissed as such. *Id.* Plaintiff's complaint is therefore
dismissed without prejudice for lack of jurisdiction.[1]

---

[1] Although the Court lacks jurisdiction over this matter, this Court finds that a transfer to a court
which would have jurisdiction is not in the interests of justice as it is clear that Defendant is in any
event immune from suit for the claims Plaintiff seeks to raise, *see, e.g., Kwasnik v. Leblon*, 228 F.
App'x 238, 243 (3d Cir. 2007) (judges acting in the performance of their duties are absolutely
immune from suit, and will be subject to liability only when they act "in the clear absence of all
jurisdiction"); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991), and Plaintiff's claims are almost
certainly barred until such time as he has his underlying conviction overturned. *See Wilkinson v.
Dotson*, 544 U.S. 74, 79-81 (2005); *Heck v. Humphries,* 512 U.S. 477, 486-87 (1994). This matter
shall therefore be dismissed, rather than transferred.

3

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for lack of jurisdiction.  An order consistent with this Opinion will be entered.


_____

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE